**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 17-36268 |
| JOSEPH J. PORADA, JR., | ) | Hon. Timothy A. Barnes |
| | ) | Hearing Date:   November 27, 2018 |
| Debtor. | ) | Hearing Time:   10:00 a.m. |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**

| | |
|---|---|
| Name of Applicant: | Shaw Fishman Glantz & Towbin LLC |
| Authorized to Provide Professional Services to: | Joseph J. Porada, Jr. |
| Date of Order Authorizing Employment: | January 17, 2018 (effective December 6, 2017) |
| Period for Which Compensation is Sought: | December 7, 2017 through June 10, 2018 |
| Amount of Fees Sought: | $73,487.00 |
| Amount of Expense Reimbursement Sought: | $1,479.40 |
| This is a(n): ☐ Interim Application | ☒ Final Application |
| If this is not the first application filed herein by this professional, disclose as to all prior fee applications: | |

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| n/a | | | | |

                                                                  Applicant:
                                                                  Shaw Fishman Glantz & Towbin LLC

Date:   October 30, 2018                    By:   /s/ Terence G. Banich
                                                                 One of the attorneys for the Debtor

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 17-36268 |
| JOSEPH J. PORADA, JR, | ) | Hon. Timothy A. Barnes |
| | ) | |
| Debtor. | ) | |

**NOTICE OF MOTION**

TO:   Attached Service List

**PLEASE TAKE NOTICE** that on **November 27, 2018 at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Timothy A. Barnes**, in Courtroom 744 of the United States Bankruptcy Court for the Northern District of Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present the **Final Application of Shaw Fishman Glantz & Towbin LLC for Allowance and Payment of Compensation and Reimbursement of Expenses,** a copy of which is attached and herewith served upon you.

Respectfully submitted,

Shaw Fishman Glantz & Towbin LLC

Dated: October 30, 2018      By:   /s/Terence G. Banich
                                    One of the attorneys for the Debtor

Terence G. Banich (#6269359)
Fox Rothschild LLP
321 N. Clark St., Ste. 800
Chicago, IL 60654
(312) 980-3859
tbanich@foxrothschild.com

## **CERTIFICATE OF SERVICE**

Terence G. Banich, an attorney, certifies that he caused to be served a true copy of the above and foregoing notice and attached pleading upon the Electronic Mail Notice List through the ECF System which sent notification of such filing via electronic means or U.S. First Class Pre-Paid Mail (as indicated) on October 30, 2018.

/s/Terence G. Banich

## **Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Terence G Banich**   tbanich@foxrothschild.com
- **Tejal S. Desai**   tdesai@llflegal.com
- **Donald W. Devitt**   ddevitt@scopelitis.com
- **Patrick S. Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Christina Sanfelippo**   csanfelippo@foxrothschild.com

## **Manual Notice List/ Via U.S. First Class Pre-Paid Mail**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

See attached creditor matrix

2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 17-36268 |
| JOSEPH J. PORADA, JR., ) | Hon. Timothy A. Barnes |
| ) | |
| Debtor. ) | |

**FINAL APPLICATION OF SHAW FISHMAN GLANTZ &**
**TOWBIN LLC FOR ALLOWANCE AND PAYMENT OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman") applies to this Court pursuant to sections 330(a) and 331 of title 11, United States Code ("Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 2002(a)(6), 2016(a) and 9007, and Local Bankruptcy Rule 5082-1, for (i) final allowance of $73,487.00 in compensation for 176.0 hours of professional services rendered as the general bankruptcy counsel for Joseph J. Porada, Jr. (the "Debtor"), for the period beginning December 6, 2017 through June 10, 2018 ("Application Period"), and the reimbursement of $1,479.40 for actual expenses incurred incident to those services, and (ii) payment of all allowed compensation and expense reimbursement ("Application"). In support of this Application, Shaw Fishman respectfully states as follows:

**Jurisdiction**

1.   On December 6, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case (the "Chapter 11 Case").

2.   Since the Petition Date, the Debtor has continued to manage the affairs of his estate as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108. The Debtor has substantially all of the rights and powers of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a).

3. This Court has jurisdiction over the Application under 28 U.S.C. §§ 157 and 1334.

4. Venue is proper under 28 U.S.C. § 1408.

5. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).

## Background

6. Prior to the Petition Date, the Debtor practiced medicine at a number of practices, including Midwest Imaging Professionals, LLC ("MIP"), an Illinois limited liability company, where he focused on vascular and interventional radiology. The Debtor was a member of (i.e., had an equity interest in) MIP.

7. In 2016, certain former business colleagues of the Debtor commenced a civil action against the Debtor in the Circuit Court of Cook County, Illinois, styled *Rezai, et al. v. Porada*, No. 2016 CH 08440 (the "Litigation").

8. The Litigation resulted in a judgment entered against the Debtor (the "Judgment") that he timely appealed, which appeal is pending before the Illinois Appellate Court, First District, as *Rezai, at al. v. Porada*, No. 1-18-0457 (the "Appeal").

9. The Debtor believes that he has a good-faith basis to challenge the Judgment on appeal. On January 24, 2018, the Court entered an order modifying the automatic stay to allow the Appeal to go forward, but keeping the automatic stay in place as to any enforcement or collection efforts. The Appeal has not yet been decided, so it is presently uncertain what will become of the Judgment.

10. As a result of his redemption of his membership interests in MIP, the Debtor has incurred significant long-term and short-term capital gain tax liability to the Internal Revenue Service and the Illinois Department of Revenue. This tax liability, in conjunction with the uncertainty of the debt created by the Judgment, are the principal reasons that the Debtor sought relief under chapter 11 of the Bankruptcy Code.

**Shaw Fishman Retention**

11. Because the Debtor is unfamiliar with the substantive law and procedures relating to bankruptcy proceedings in general and chapter 11 of the Bankruptcy Code in particular, he required competent and experienced attorneys to represent him in carrying out his duties as a debtor in possession.

12. The Debtor selected Terence G. Banich and Shaw Fishman to represent him as his bankruptcy counsel in connection with the Chapter 11 Case and all related proceedings.

13. On November 29, 2017, the Debtor retained Shaw Fishman to provide bankruptcy advice. On that date, the Debtor tendered a personal check in the amount of $50,000 payable to Shaw Fishman as an advance payment retainer (the "Retainer").

14. As of the Petition Date, $32,450.50 of the Retainer remained on deposit with Shaw Fishman, and remains on deposit today (the "Retainer Balance").

15. On January 5, 2018, the Debtor filed an application for authority to employ Shaw Fishman as his general bankruptcy counsel. [Docket #11.] The professional services that Shaw Fishman proposed to provide to the Debtor included, but were not limited to, the following (collectively, the "Services"):

    (a) Providing legal advice as necessary with respect to the Debtor's rights, powers and duties as a debtor-in-possession in connection with administration of his estate and management of his property;

    (b) Taking all necessary actions with respect to asset dispositions, including sales, abandonments, and assumptions or rejections of executory contracts and unexpired leases, and take such action as may be necessary to effectuate those dispositions;

    (c) Assisting the Debtor in the negotiation, formulation and drafting of a chapter 11 plan;

    (d) Taking all necessary actions with respect to claims that may be asserted against the Debtor and property of his estate;

3

    (e)    Preparing on behalf of the Debtor, as a debtor-in-possession, all necessary applications, motions, complaints, orders and other legal documents in connection with the appropriate administration of the Chapter 11 Case;

    (f)    Representing the Debtor with respect to inquiries and negotiations concerning creditors of his estate and property of his estate;

    (g)    Appearing in Court to protect the interests of the Debtor; and

    (h)    Performing all other legal services for the Debtor which may be necessary and proper in this Chapter 11 Case.

16. On January 17, 2018, the Court entered an order authorizing the Debtor to employ Shaw Fishman as his general bankruptcy counsel pursuant to 11 U.S.C. § 327(a), *nunc pro tunc* to the Petition Date (the "Retention Order"). [Docket #20] The Retention Order authorized Shaw Fishman to provide the Services to the Debtor.

17. During the Application Period, Shaw Fishman provided the Services to the Debtor. On June 11, 2018, Shaw Fishman merged into Fox Rothschild LLP, which has represented the Debtor in the Chapter 11 Case since that time.[1]

**Services Rendered by Shaw Fishman**

18. During the Application Period, Shaw Fishman rendered in excess of 176.0 hours of legal services to the Debtor having a value of $73,487.00. Shaw Fishman provided professional services to the Debtor which were consistent in scope to those authorized in the Retention Order. All of the services for which compensation is requested are services which, in the exercise of Shaw Fishman's reasonable billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services. From time to time Shaw Fishman also worked with the Debtor's special litigation counsel, Rathje Woodward LLC ("Rathje

---

[1] Because of the merger with Fox Rothschild LLP, this is Shaw Fishman's first and final application for fees and expenses. The Debtor will file a separate application seeking authority to retain Fox Rothschild LLP as his general bankruptcy counsel *nunc pro tunc* to June 11, 2018.

4

Woodward"), regarding the status of the Appeal and the other services that the Court authorized Rathje Woodward to provide to the Debtor pursuant to 11 U.S.C. § 327(e), which included tax advice/compliance and certain real estate work.

19. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Fishman's services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Fishman has classified its services into the following categories, as follows:

| Category | Total Hours | Total Fees Incurred |
| --- | --- | --- |
| Case administration | 85.1 | $34,604.50 |
| Retention of professionals | 36.8 | $13,938.00 |
| Asset investigations | 33.6 | $15,237.00 |
| Prepetition litigation | 18.5 | $8,707.50 |
| Creditor communications | 1.5 | $712.50 |
| Tax issues | 0.5 | $287.50 |
| **TOTAL:** | **176.0** | **$73,487.00** |

20. A detailed invoice (the "Invoice") is attached as **Exhibit 1**. The Invoice provides detailed descriptions of all services rendered in each of the above categories and the timekeeper, date and amount of time spent in each category. All of the time described in **Exhibit 1** represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by attorneys of Shaw Fishman who rendered the described services.

**Services Rendered by Shaw Fishman – By Category**

21. The following is a separate description of each of the Shaw Fishman categories which generally describe the tasks performed. Summary charts for each category setting forth each professional who rendered services, the total time and value of services, and the total dollar value are provided herein.

22. **Case administration**: (Fees: $34,034.50/Hours: 83.9). Shaw Fishman's efforts in this category included, for example: communications with the Debtor about the status of and the

5

various matters affecting the Chapter 11 Case; preparing for and attending the initial debtor interview; preparing for and attending the section 341 meeting; communications with the United States Trustee's office; researching and drafting procedural motions (such as the motion to modify the automatic stay, motions to extend the exclusive plan proposal and solicitation periods and a motion seeking relief under 11 U.S.C. § 366); preparing for and appearing in court on various motions, applications and for general case status; drafting and reviewing the debtor's monthly operating reports, and reviewing the debtor's financial records in connection with same; and advising the Debtor about the United States Trustee's inquires and requirements about authorized depositary banks for debtors in possession.

23. **Retention of professionals**: (Fees: $13,938.00/Hours: 36.8). Shaw Fishman's efforts in this category included researching and drafting the retention application for Shaw Fishman, the retention application for Rathje Woodward and the motion to expand the scope of Rathje Woodward's retention. Preparing the retention applications required Shaw Fishman to confer extensively with the Debtor and Rathje Woodward about the background of the Debtor's creditors, his legal disputes and his financial affairs, as well as both firm's potential connections with the Debtor and his creditors for purposes of preparing the firms' declarations under Federal Rule of Bankruptcy Procedure 2014. Shaw Fishman gathered additional information from Rathje Woodward to draft, edit and finalize the Rule 2014 declarations that accompanied the motion to expand the scope of Rathje Woodward's services. This process also involved several communications with Rathje Woodward and exchanging of drafts to ensure the accuracy of the information contained therein.

24. **Asset investigations**: (Fees: $15,807.00/Hours: 34.8). Shaw Fishman's efforts in this category principally included determining the Debtor's interest in a condominium unit in Des

6

Plaines as well as a significant amount of money that the applicable condominium association owes to the Debtor. That process involved conferring with the Debtor, preparing, filing and presenting Rule 2004 examination motions to the condominium association as well as the bank that is the land trustee holding legal title to the condominium, conferring and negotiating with the lawyers representing those third parties, reviewing the documents that those third parties produced to the Debtor, evaluating the Debtor's claims and providing legal advice to the Debtor regarding the same.[2] Shaw Fishman also considered the Debtor's claims against Robert J. Fisher for failure to pay several promissory notes when due.

25. **Prepetition litigation**: (Fees $8,707.50/Hours: 18.5). Shaw Fishman's efforts in this category involved conferring with Rathje Woodward about the Litigation at the trial court level and the Appeal, and reviewing certain of the parties' filings in those proceedings. Shaw Fishman took steps to ensure that its work in this category did not overlap with Rathje Woodward's work or otherwise result in duplicative costs to Debtor. Shaw Fishman and Rathje Woodward conferred to the extent necessary to obtain background information, to coordinate strategy and advise their common client, the Debtor, on the best course of action in this case. Shaw Fishman needed to understand what was happening with the Appeal so as to provide the Court with accurate information at hearings and in motions, as well as to plan for the Debtor's eventual exit from chapter 11.

26. **Creditor communications**: (Fees: $712.50/Hours: 1.5). Shaw Fishman's efforts in this category consisted of fielding questions from creditors and their counsel regarding the Chapter 11 Case.

---

[2] These efforts eventually resulted in a compromise with the condominium association (reached after the Application Period) that will bring a significant amount of unencumbered cash into the estate as well as enable the Debtor to sell the condominium to bring additional cash into the estate.

7

27. **Tax issues**: (Fees: $287.50/Hours: 0.5). Shaw Fishman's efforts in this category primarily consisted of communicating with Rathje Woodward to understand the Debtor's past and current tax liabilities. As discussed above, Rathje Woodward is authorized to handle the Debtor's tax advice and compliance work.

**Summary of Services Rendered by Professionals**

28. In summary, the total compensation sought with respect to the categories of services set forth above is $73,487.00. In addition, and in accordance with Local Rule 5082-1(B)(1), the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| Professional | Position | Hourly Rates | Hours | Amount |
|---|---|---|---|---|
| Steven B. Towbin | Member | $725 | 2.4 | $1,740.00 |
| Robert W. Glantz | Member | $530 | 0.3 | $159.00 |
| Terence G. Banich | Member | $475 | 125.7 | $59,707.50 |
| Christina M. Sanfelippo | Associate | $270 | 26.7 | $7,209.00 |
| Allison B. Hudson | Associate | $325 | 0.7 | $227.50 |
| Patricia M. Fredericks | Paralegal | $220 | 20.2 | $4,444.00 |
| | | **TOTAL:** | **176.0** | **$73,487.00** |

29. The hourly rates charged by Shaw Fishman compare favorably with the rates charged by other Chicago-area firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman professionals providing services to the Debtor. Further, the amount of time spent by Shaw Fishman with respect to the above-referenced services is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel and the ultimate benefit to the estate.

30. Many of the issues presented by the case have been legally and factually complex and the amounts at stake significant. The results of Shaw Fishman's efforts in this regard have inured to the benefit of the estate and to the interests of its prepetition creditors. Given the criteria

8

set forth in § 330, namely (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman respectfully submits that the requested interim compensation represents a fair and reasonable amount that should be allowed in full.

### The Expenses Requested

31.     The actual and necessary costs incurred by Shaw Fishman during the Application Period is $1,479.40 and is detailed in **Exhibit 1**. All of the expenses for which reimbursement is sought are expenses that Shaw Fishman customarily recoups from all of its clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts.

32.     The specific expenses incurred during the Application Period for which reimbursement is requested are as follows:

| Category | Amount |
|---|---|
| Postage | $46.85 |
| Federal Express | $139.70 |
| Online docketing and documents (PACER) | $28.30 |
| Chicago Title Insurance | $260.00 |
| Transportation (parking/taxi) | $15.00 |
| Westlaw | $989.55 |
| **TOTAL** | **$1,479.50** |

### Compliance with 11 U.S.C. § 504

33.     Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Fishman and any other firm, person or entity for the sharing or division of any compensation paid or payable to Shaw Fishman.

9

**Notice**

34.    Pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(6), Shaw Fishman has provided 21 days' notice of this Application to (a) the Office of the United States Trustee, (b) the Debtor and (c) those parties that requested notice in this case. Notice of the hearing on this Application has also been provided to all creditors in this case. Shaw Fishman requests that this Court waive and dispense with any further notice requirements, pursuant to Federal Rule of Bankruptcy Procedure 9007.

**Conclusion**

**WHEREFORE**, Shaw Fishman requests the entry of an order that:

(a)    Allows Shaw Fishman the amount of $73,487.00 in final compensation for services rendered during the Application Period;

(b)    Allows Shaw Fishman the amount of $1,479.40 in final expense reimbursement for the Application Period;

(c)    Authorizes Shaw Fishman to apply the Retainer Balance of $32,425.50 to the allowed fees and expenses;

(d)    Authorizes and directs the Debtor to pay Shaw Fishman balance of the allowed fees and expenses after applying the Retainer Balance in the amount of $42,540.90;

(e)    Waives other and further notice of the hearing with respect to this Application; and

(f)    Provides such other just and appropriate relief.

Respectfully submitted,

Shaw Fishman Glantz & Towbin LLC

Dated: October 30, 2018    By:   /s/Terence G. Banich
                                       One of the attorneys for the Debtor

Terence G. Banich (#6269359) (tbanich@foxrothschild.com)
Fox Rothschild LLP
321 N. Clark St., Ste. 800
Chicago, IL 60654
(312) 980-3859